09-3510-ag
Lin v. Holder

BIA
Gordon-Uruakpa, IJ
A099 682 946

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

XUE QING LIN,
> *Petitioner*,

v.                                        09-3510-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Civil Division; Shelley R. Goad, Assistant Director; Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Qing Lin, a native and citizen of the People's Republic of China, seeks review of the July 24, 2009, order of the BIA, affirming the November 9, 2007 decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa, which denied her motion to reconsider, and denying her motion to remand. *In re Xue Qing Lin*, No. A099 682 946 (B.I.A. July 24, 2009), *aff'g* No. A099 682 946 (Immig. Ct. N.Y. City Nov. 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I.   Motion to Reconsider

We review the agency's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA did not abuse its discretion in affirming the IJ's denial of Lin's motion to reconsider because the IJ's underlying decision contained no errors of fact or law. *See* 8 C.F.R. § 1003.2(b)(1). In denying Lin's claim for relief based on the birth of her

2

children in the United States, the IJ properly relied on the 2007 State Department Profile of Asylum Claims and Country Conditions to find that "children born abroad if not registered as permanent residents in China are not considered as permanent residents of China and, therefore, are not considered against the number of children allowed under China's family planning laws," IJ Oral Decision, Aug. 21, 2007, at 9. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (noting that State Department reports are probative). Moreover, we have previously reviewed the agency's analysis of documents similar to the ones Lin submitted and concluded that the agency did not err in finding that they do not demonstrate an alien's *prima facie* eligibility for asylum, *i.e.*, a well-founded fear of forced abortion or sterilization. *See Jian Hui Shao*, 546 F.3d 138, 158-73 (2d Cir. 2008); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274-76 (2d Cir. 2006). Contrary to Lin's arguments, a reasonable fact-finder would not be compelled to conclude that the IJ ignored any material evidence that she submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n.17 (2d Cir. 2006). Accordingly, the BIA did not abuse its discretion in affirming the IJ's denial of

3

Lin's motion to reconsider.  *Kaur,* 413 F.3d at 233.

**II.  Motion to Remand**

We also review the denial of a motion to remand for abuse of discretion.  *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-57 (2d Cir. 2005).  The BIA did not abuse its discretion in finding that Lin failed to demonstrate that her practice of Christianity established her *prima facie* eligibility for asylum because she failed to provide any evidence indicating that the Chinese government is aware or is likely to become aware of her religious practice.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam).  Furthermore, she failed to demonstrate a pattern or practice of persecution of a group of persons similarly situated to her.  *See* 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2)(iii); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).  Accordingly, the BIA acted within its discretion in denying Lin's motion to remand.  *Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for

oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk